IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07CV658-WKW |
| | ) | |
| JAMES S. GASKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this action, plaintiff brings claims pursuant to 42 U.S.C. § 1983 and § 1981 asserting that the defendant, a Florida Highway Patrol officer, violated his civil rights by unlawfully stopping him and maliciously prosecuting him for violation of the Florida seatbelt law. According to the complaint, plaintiff's claims arise from a traffic stop which occurred in Leon County, Florida. The address provided by plaintiff for service of the complaint on defendant is in Tallahassee, Florida, and plaintiff asserts that defendant is a citizen of Florida. (Docs. ## 1, 2, 10).

The applicable venue statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

Since it appeared from the complaint and summons that venue is proper only in the Northern District of Florida, the court entered an order directing plaintiff to show cause why this action should not be dismissed for improper venue. (Doc. # 6). In his response to the show cause order, plaintiff asserts that he and the defendant are of diverse citizenship, the amount in controversy is more than $75,000, and he brings state law claims against the defendant. He argues that venue is proper in this district because jurisdiction in this action arises from diversity of citizenship.

Plaintiff's complaint clearly asserts only federal claims. However, even if the court were to allow amendment to add state law claims, this remains "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship" and, thus, venue is not proper in this district. See 28 U.S.C. § 1391(b). Plaintiff requests that, if the court finds venue to be improper, it transfer his case to the district where venue is proper. 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[1]

---

[1] Plaintiff has attempted to effect service by having the Clerk mail the summons and complaint by certified mail to the individual defendant's business address. See Doc. # 4 (return receipt) and Doc. # 7, ¶ 3). The receipt was not signed by defendant Gaskins, but by Evelyn Brown. There is no indication in the record that Gaskins, in his individual capacity, has specifically authorized Brown to receive his personal mail. See Fed. R. Civ. P. 4(e); Alabama Rules of Civil Procedure, Rule 4(i). While it appears that defendant Gaskins may now have actually received the summons and complaint, since counsel from the Florida Attorney General's office has moved to appear *pro hac vice* on defendant's behalf, there is no evidence that Gaskins received them in time to answer the complaint before the expiration of twenty days from service upon Evelyn Brown. By the time counsel appeared, the court had entered an order extending plaintiff's time to respond to the complaint. (Doc. # 6). Thus, defendant's time for response has not yet run.

Upon consideration of plaintiff's response to the order to show cause, it is the RECOMMENDATION of the Magistrate Judge that this action be TRANSFERRED to the District Court for the Northern District of Florida, the only district in which venue is proper.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before September 11, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 29th day of August, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE